```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
JOSE PEREZ,

                        Plaintiff,
                                                            ORDER
        -against-                                           CV 09-164 (ADS)(ARL)

J & B RESTAURANT PARTNERS OF LONG
ISLAND, JOSEPH SABBATINO AND DAWN
PETITE,

                        Defendants.
----------------------------------------------------------X
```

**LINDSAY, Magistrate Judge:**

      Last week, the court received two letter applications from the defendants dated March 12, 2010 and March 19, 2010, and one letter application from the plaintiff dated March 17, 2010. In their March 12, 2010 application, the defendants seek to compel the plaintiff to appear for a supplemental deposition. The defendants contend that the plaintiff refused to answer questions about his employment at Chili's restaurant following his termination from Friendly's. The plaintiff has disclosed his salary at Chili's and claims that he earned $11,000 less than he did at Friendly's. However, the plaintiff refused to answer questions concerning (1) why he left Chili's; (2) whether he received medical benefits; and (3) whether he filed a lawsuit against Chili's.

      The plaintiff contends that he is prevented from doing so due to a confidential settlement agreement. The defendants contend that the plaintiff is seeking back pay, and therefore, the information is relevant to his obligation to mitigate damages. Given the fact that the plaintiff has disclosed his salary at Chili's and is not seeking damages subsequent to the date of his termination at Chili's when he accepted employment with Pet Smart, questions concerning why he left Chili's and whether or not he sued them are irrelevant. The plaintiff should, however, respond to whether or not he received medical benefits in a written interrogatory response.

      In his March 17, 2010 application, the plaintiff seeks to compel the defendants to produce the 2006 to 2008 budgets and profit and loss statements for all of the Friendly's restaurants owned by J & B Restaurant Partners and cell phone records for Kristine Petite from May 1, 2007 to October 30, 2007. The defendants have agreed to provide the financial information and do not possess or have control over Kristine Petite's phone records.

      Finally, the defendants seek to compel the plaintiff to provide a list of the medical providers that treated him in the last ten years along with authorizations for those providers. The defendants are entitled to the plaintiff's treatment records given his claim for emotional damages but the ten-year time period is too broad. The plaintiff is directed to provide the defendants with a list of medical providers and authorizations from June 2005, one year prior to his employment, to

the date of his termination. However, the plaintiff must additionally provide authorizations to date for any medical provider on which he intends to rely in order to establish his claim for emotional distress.

Dated: Central Islip, New York  **SO ORDERED:**
March 23, 2010

_____/s/_____
ARLENE R. LINDSAY
United States Magistrate Judge